

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# USA v. Davidson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Davidson" (2008). *2008 Decisions.* Paper 1178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1257/1273/1302

_____

UNITED STATES OF AMERICA

v.

MICHAEL RZEPLINSKI,
Appellant in No. 07-1257

CONNIE LYNN DAVIDSON,
Appellant in No. 07-1273

KRISTEN LEAH DAVIDSON,
Appellant in No. 07-1302

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 06-cr-0344-1,2 & 3)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2008

Before:  SLOVITER, JORDAN, and ALARCON*, *Circuit Judges.*

(Filed:  May 21, 2008)

_____

    *Honorable Arthur L. Alarcon, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

These appeals concern crimes committed by Michael Rzeplinski ("Rzeplinski"), Connie Davidson ("Connie"), and Kristen Davidson ("Kristen").[1] Rzeplinski and Kristen pled guilty to conspiring to defraud the United States, in violation of 18 U.S.C. § 286. Rzeplinski also pled guilty to income tax evasion, in violation of 28 U.S.C. § 7201. Connie pled guilty to aiding and abetting the filing of false claims, in violation of 18 U.S.C. § 287. On appeal, they each contend that the District Court erred in imposing sentence. For the following reasons, we will affirm the District Court's sentencing decisions.

I.     **Background**

Because we write primarily for the benefit of the parties, we set forth only those facts pertinent to the issues before us. Rzeplinski worked as a Government Services Agency ("GSA") Program Director at Fort Monmouth, New Jersey, and was responsible for procuring and administering IT-related contracts for Fort Monmouth. Connie, with whom Rzeplinski was having an affair, also worked for GSA as an office manager and lead customer relations manager in Fort Monmouth's Federal Technology Service. Her

_____

[1]For clarity and ease of reference, we use the first names of the Davidsons.

responsibilities included assisting in administering contracts. Through Rzeplinski, and with Connie's knowledge, Connie's daughter Kristen obtained jobs from two contractors that provided services to Fort Monmouth. Using the leverage of his authority at GSA, Rzeplinski told the contractors to hire Kristen, and they did so, though Kristen never actually did any work. Fort Monmouth was billed for the work that Kristen never performed. Rzeplinski and Connie knew that Kristen was not working but was getting paid with government funds, yet Rzeplinski continued to authorize the invoices. Rzeplinski actively covered up the "no show" aspect of Kristen's job by assuring one of the contractors that Kristen was working and by providing false information about the hours she supposedly worked.

Rzeplinski also arranged for a company that he owned to be hired as a subcontractor by a GSA contractor. The contractor paid Rzeplinski's company, even though the company performed no work. The contractor then billed Fort Monmouth for the phantom work. In total, the Army paid $862,710 for work that Rzeplinski's company and Kristen never performed. Meanwhile, Rzeplinski, who was divorcing his wife and attempting to evade disclosure of his true income in order to avoid paying additional alimony, failed to file income tax returns for 2002, 2003, and 2004, and avoided paying $47,081 in taxes.

All three defendants were convicted pursuant to plea agreements with the government.[2]

## II.    Discussion[3]

A.  Rzeplinski's Appeal

Rzeplinski challenges his sentence on two grounds.[4]  First, he argues that, when

---

[2]Rzeplinski pled guilty both to conspiring to defraud the United States and to tax evasion, and was sentenced to 46 months imprisonment, 3 years supervised release, and the payment of $862,710 in restitution, as well as a $200 special assessment.  Kristen pled guilty to the same conspiracy and was sentenced to 18 months imprisonment, 3 years supervised release, and the payment of $290,647 in restitution, as well as a $100 special assessment.  Connie pled guilty to aiding and abetting false claims and was sentenced to 12 months and 1 day of imprisonment, 3 years supervised release, and the payment of $395,710 in restitution, as well as a $100 special assessment.

[3]We exercise plenary review over a district court's interpretation of the United States Sentencing Guidelines (the "Guidelines").  *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007).  We review an appellant's ultimate sentence for reasonableness.  *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006).  A district court's application of the Guidelines to facts is reviewed for abuse of discretion, and factual findings will only be reversed if clearly erroneous.  *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006).

[4]The government contends that Rzeplinski waived his right to appeal his sentence because he agreed in his plea bargain to waive "the right to file any appeal ... which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guideline range that results from a total Guidelines offense level of 21."  (Appellee's Supplemental App. at 9.) Rzeplinski argues that he can appeal his sentence because the District Court arrived at a higher total offense level than the level to which he agreed.  It is true that the District Court determined that Rzeplinski's offense level is 22, but the government maintains that the waiver stands because Rzeplinski's 46-month term of imprisonment still fell within the Guidelines range that results from a total Guidelines offense level of 21, as 46-months is the top of the range for someone with a total offense level of 21 and Rzeplinski's criminal history score, which puts him in Criminal History Category of I.  However, since the government did not move to enforce the waiver and has instead briefed the issue on the merits, we will dispose of Rzeplinski's appeal on the merits.

4

calculating his advisory Guidelines range, the District Court erred in not grouping his counts of conviction under Guidelines § 3D1.2. He asserts that the false claims and tax evasion counts should have been grouped together because, under § 3D1.2(d), they are offenses of the same general type since they both involved a monetary objective. He also argues that under § 3D1.2(b) the offenses involved the same victim, *i.e.*, the government, and share the common objective of taking money from the government. Finally, he contends that, although Third Circuit precedent precludes grouping fraud and tax evasion counts under § 3D1.2(c), the District Court should still have grouped the counts under that subsection because the false claims conduct embodied a specific offense characteristic in the Guideline provision for the tax evasion count.[5]

Rzeplinski's grouping arguments fail. The false claims count and the tax evasion count cannot be grouped under § 3D1.2(b) because they do not involve substantially the same harm. They cannot fairly be said to be connected by a common criminal objective,

---

[5]Section 3D1.2 of the Guidelines states that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:

    (a) When counts involve the same victim and the same act or transaction.

    (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

    (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or adjustment to, the guideline applicable to another of the counts.

    (d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior."

nor were they part of a common scheme or plan.   Put simply, Rzeplinski's fraud against the Army was not significantly related to his efforts to cheat his estranged wife of alimony by hiding his true income.  Although his admitted objective in committing both crimes was to enrich himself, that means little since greed motivates a wide variety of crimes.  As we stated in *United States v. Bush*, when considering whether to group counts, courts must remember that "each crime has its own nuances and must be evaluated on its own."  56 F.3d 536, 539 (3d Cir. 1995).

Similarly, the counts cannot be grouped under §§ 3D1.2(c) or (d).  Rzeplinski concedes that our precedent precludes grouping fraud and tax evasion counts under subsection (c), which is wholly dispositive of the argument pertaining to that subsection. *See United States v. Vitale*, 159 F.3d 810, 814-15 (3d Cir. 1998) (holding it was improper to group tax evasion and wire fraud counts under 3D1.2(c) because the counts involved different types of conduct and harm, and a sentence resulting from grouping would fail to represent the significance of the criminal conduct embodied in each count); *United States v. Astorri*, 923 F.2d 1052, 1057 (3d Cir. 1991) (holding that fraud and tax evasion counts were properly not grouped under 3D1.2(c) because the elements of the crimes were distinguishable).

Even though § 3D1.2(d) provides an arguable basis for grouping, it would be improper to group the counts against Rzeplinski because they are not of the same general type.  In *United States v. Seligsohn*, we noted that the purpose of § 3D1.2 is to "impose

'incremental punishment for significant additional criminal conduct,' but at the same time prevent double punishment for essentially the same conduct." 981 F.2d 1418, 1425 (3d Cir. 1992) (quoting *United States v. Toler*, 901 F.2d 399, 402 (4th Cir. 1990)). We emphasized that, even though subsection (d) may broadly allow grouping of certain offenses, that "does not mean that the counts must be grouped. Counts must be of the 'same general type' before grouping is appropriate." *Id.* We then distinguished mail fraud from tax evasion, noting that grouping such offenses would be inappropriate because they "differed in nature and were not an essential part of or related to [each other]." *Id.* In keeping with that reasoning, we hold that the District Court did not err in refusing to group Rzeplinski's offenses under subsection (d). Again, the theft of money from the government and hiding income from one's spouse are not offenses of the same general type and were not significantly related to one another here.

Rzeplinski's second argument is that the District Court erred by not making specific factual findings related to restitution, and that the amount of restitution ordered is incorrect. That argument fails because the government provided adequate evidence setting forth how the sum of $862,710 reflects the loss suffered by the government. We see no error in the District Court's accepting that evidence.

B. Kristen's Appeal

Kristen argues that the sentence that was imposed for her participation in the conspiracy is unreasonable and does not comport with the factors set forth in 18 U.S.C. §

7

3553(a).  She also claims that she should have been designated a "minor participant" and thus received a two-level mitigating role reduction, because Rzeplinski organized the scheme and she merely went along.

In her first argument, Kristen maintains that the District Court should have imposed a sentence below the Guidelines range based upon her history and personal characteristics.[6]  Implicit in that assertion, of course, is that the District Court did not apply the § 3553(a) factors.  But, contrary to that claim, the District Court's statements at sentencing showed that it did consider Kristen's history and personal characteristics under § 3553(a).  Her disagreement with the resulting sentence does not make the sentence substantively unreasonable.  Because the sentence does meet the standard of substantive reasonableness, we will not disturb it.  *See United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) ("If we determine that the district court has committed no significant procedural error, we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard ... .").  .

Kristen's argument that she should have received a two-level mitigating role reduction pursuant to § 3B1.2(b) of the Guidelines for being a minor participant in the fraud is likewise unpersuasive.  We review a district court's application of the Guidelines

---

[6] Remarks during the sentencing colloquy indicate that Kristen did not file a motion for downward departure based on her mental condition but that she sought to embody the bases for such a departure in her argument for a variance under § 3553.  On appeal, Kristen does not argue in terms of a departure.  Rather, she challenges the District Court's application of the § 3553(a) factors.

to facts for abuse of discretion, and factual findings will only be reversed if clearly erroneous. *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006). In order to receive a two-level mitigating role reduction, the defendant "must be less culpable than most other participants" in the offense. U.S.S.G. § 3B1.2, Application Note 5 (2008). "However, the mere fact that a defendant was less culpable than his co-defendants does not entitle the defendant to 'minor participant' status as a matter of law." *United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001). Courts must consider a defendant's involvement, knowledge, and culpability when determining whether the defendant is a minor participant, and only grant the role reduction to a defendant who is "substantially less culpable than the average participant." *United States v. Isaza-Zapata*, 148 F.3d 236, 238-39 (3d Cir. 1998). The District Court noted that Kristen earned nearly $300,000 in proceeds from the false claims. Furthermore, she was an active and knowing participant in the fraud, as she dishonestly filled out time cards she knew would be submitted to the government. Accordingly, we cannot say that the District Court abused its discretion in determining that Kristen was not a minor participant in the crime.

C. Connie's Appeal

Connie argues that the District Court failed to reasonably apply the factors in 18 U.S.C. § 3553(a) in her case, thus making her sentence unreasonable. Although she does not dispute that the District Court engaged in a § 3553(a) analysis, she claims that the District Court imposed too high a sentence. She maintains that, had the District Court

9

properly weighed the § 3553(a) factors, it would have ordered non-custodial probation instead of giving her prison time. In support of a sentence of probation, Connie argues that she was a minor participant in the scheme and that her ability to notify authorities about the fraud was compromised by her concern for her troubled daughter and her eagerness for Kristen to have an income and health insurance. She also states that her personal history and characteristics support a more lenient sentence because she is 62 years old, has a college education, has no prior criminal history, and has "emotional scars" from being a victim of domestic violence years earlier.

The District Court considered Connie's involvement in the scheme and, though it deemed her a minor participant, it noted that she had knowledge of the fraud yet failed to reveal it, as her position of trust within the government required. Still, in consideration of her minor role, the District Court sentenced her at the bottom of the Guidelines range. The judgment in that regard was reasonable and well within the bounds of appropriate discretion.

## III.  Conclusion

For the reasons stated, we affirm the judgment and sentence imposed by the District Court.